STATE OF HAWAII, Plaintiff-Appellee *v.* JOSEPH CARVALHO, RAYMOND HENKE and GARY M. ROKUTA, Defendants-Appellants

NO. 6034

AUGUST 30, 1977

KOBAYASHI, Acting C.J., OGATA, MENOR, KIDWELL, JJ. and BURNS, Circuit Judge, in place of RICHARDSON, C.J., Disqualified

*Per Curiam.* This is an appeal by three defendants: Joseph Carvalho, Raymond Henke and Gary M. Rokuta. Each was convicted of violating § 15-26.3 of the *Traffic Code of the City and County of Honolulu,* 1969.[1] We affirm the convictions.

Each defendant was stopped by a police officer and given a yellow "motorist's copy" of a "Citation — Notice to Appear". Each copy stated the date, time, and court place where each defendant was required to appear.

All three defendants failed to appear in court on the designated hearing times and dates: Henke on June 19, 1974; Carvalho on October 31, 1974; and Rokuta on November 22, 1974. As a result of their failure to appear, each

---

[1] *Traffic Code of the City and County of Honolulu,* 1969.

Sec. 15-26.3. Failure to Obey Summons.

Any person who fails to appear at the place and within the time specified in the summons or citation issued to him by an officer upon his arrest for any traffic violation is guilty of a misdemeanor regardless of the disposition of the charge of which he was originally arrested.

defendant was charged with violating § 15-26.3 entitled "Failure to Obey Summons".

The three cases were consolidated and each defendant pleaded not guilty. All three defendants were represented by the same attorney. At the court hearing on October 7, 1975, defendants orally moved that the trial court dismiss and quash the charges. The trial court denied the motion. Defendants were given the opportunity to present matters in defense or mitigation but declined the opportunity. Defendants were each found guilty and fined. On October 17, 1975, defendants filed a notice of appeal to this court.

The defendants present several contentions which are founded on the common premise that § 15-26.3 is, in effect, a legislative determination of guilt which requires proof of no other facts than the issuance of the summons or citation and the nonappearance of the defendant. Various deficiencies in constitutional due process and in procedural regularity are asserted, none of which need be dealt with separately here since they all suffer from the same faulty premise.

Section 15-26.3 is not to be read in a vacuum. The provisions of chapters 701 through 706 of the Hawaii Penal Code are applicable to the offense defined by that section. HRS § 701-102. HRS § 702-204 provides:

§ 702-204. *State of mind required.* Except as provided in section 702-212, a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense. When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly.

Failure to appear in response to a summons or citation is an essential element of the offense defined by § 15-26.3. Since the state of mind required to establish that element of the offense is not specified by § 15-26.3, HRS § 702-204 requires that it be shown that a defendant acted intentionally, knowingly or recklessly in failing to appear. The due process and procedural arguments made by these defendants are

premised upon a failure of § 15-26.3 to so provide, and are without merit.

The judgments are affirmed.

*Mitsuo Uyehara* for defendants-appellants.

*Kendall C. S. Wong*, Deputy Prosecuting Attorney, for plaintiff-appellee *(Stanley H. C. Young*, Deputy Prosecuting Attorney, on the brief).

